IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ZEBEDEE MILBY,

    Plaintiff,

v.                                            Civil Action No. 3:17cv590

OFFICE OF THE FEDERAL
REGISTRAR,

    Defendant.

## MEMORANDUM ORDER

This matter comes before the Court on Zebedee Milby's Motion for Leave to Proceed *in Forma Pauperis* pursuant to 28 U.S.C. § 1915(a)(1)[1]. (ECF No. 1.) Upon due consideration of Milby's affidavit in support of his request and 28 U.S.C. § 1915(a)(1), the Court GRANTS the Motion. Milby may proceed in this case without payment of the Court's filing fee. The Court DIRECTS the Clerk to file the Complaint. (ECF No. 1-1.)

This matter is also before the Court, *sua sponte*, upon its examination of the proposed Complaint. When a plaintiff proceeds *in forma pauperis*, the Court may dismiss the case at any time if the Court finds that the action fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006). Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and

---

[1] The statute reads, in pertinent part:

(a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1).

plain statement of the claim." Fed. R. Civ. P. 8(a)(2). In order to state a claim, a plaintiff's allegations must consist of factual matter that, accepted as true, "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While courts should liberally construe *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits," *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Federal district courts are courts of limited subject matter jurisdiction. *United States ex rel. Vuyvuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009) (citing *Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005)). This Court must, as a result, determine whether it has jurisdiction over the claims at issue. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) ("The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'") (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)). "The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation . . . ." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing Fed. R. Civ. P. 12(b)(1)).

Article III, Section 2, clause 1 of the Constitution limits federal court jurisdiction to "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1. As the Supreme Court has explained, an "essential and unchanging part of the case-or-controversy requirement" is that a plaintiff must establish Article III standing to sue. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). In *Spokeo*, the Supreme Court reiterated that, in order to establish standing, a plaintiff must have: "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged

conduct of the defendant;[2] and[,] (3) that is likely to be redressed by a favorable judicial decision.[3]" 136 S. Ct. at 1547 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)).

As the party invoking federal jurisdiction, Milby bears the burden of properly alleging standing. *Lujan*, 504 U.S. at 560; *see also Balzer & Assoc., Inc. v. Union Bank & Trust*, 3:09cv273, 2009 WL 1675707, at *2 (E.D. Va. June 15, 2009) ("On a motion to dismiss pursuant to Rule 12(b)(1), the party asserting jurisdiction has the burden of proving subject matter jurisdiction." (citing *Richmond, Fredericksburg & Potomac R.R. v. United States*, 945 F.2d 764, 768 (4th Cir. 1991))). "Where, as here, a case is at the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element." *Spokeo*, 136 S. Ct. at 1547 (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).

Milby fails to assert facts that, even taken as true, establish that this Court has subject matter jurisdiction over his claims. Milby's Complaint seeks "declaratory/injunctive relief from what [Milby] contends is the unconstitutional and miss-placed [sic] controlling application of a voting law process/system known as the 'electoral college' process." (Compl. 1, ECF No. 1-1.) Milby avers that the electoral college system "clearly amounts to '*suppression of the majority voting will of American citizens*', and thereby completely undermines the constitutional/Democratic voting process of (one person/one vote majority vote count winner take all)." (*Id.*) Milby further contends that, because of the "electoral college system[,] . . .the

---

[2] To show a causal connection, "the injury has to be 'fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court.'" *Lujan*, 504 U.S. at 560–61 (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 41–42 (1976)).

[3] A party may establish the third element of standing by showing "that the injury will be [likely] 'redressed by a favorable decision.'" *Lujan*, 504 U.S. at 561 (quoting *Simon*, 426 U.S. at 38, 43). A plaintiff cannot have standing where redressability of an injury is merely "speculative." *Id.*

vote count winner of the majority popular vote and (collective popular vote) is *suppressed and totally disregarded/disenfranchised.*" (*Id.* at 2.)

Milby's Complaint contains a three-page "Historical Overview," and numerous allegations of the unconstitutionality of the electoral college system. It is, however, devoid of facts that, even taken as true and construed liberally, could establish that Milby "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of [Defendant, the Office of the Federal Registrar] and[,] (3) that is likely to be redressed by a favorable judicial decision." *Spokeo*, 136 S. Ct. at 1547 (citing *Lujan*, 504 U.S. at 560–61). Milby includes no allegations of wrongs committed by the Office of the Federal Registrar, and no facts indicating that the injury he suffered is 'fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court.'" *Lujan*, 504 U.S. at 560–61 (quoting *Simon*, 426 U.S. at 41–42).

Even taking all the facts in Milby's Complaint as true, Milby fails to plead facts that establish that this Court has subject-matter jurisdiction over his claims against Defendant the Office of the Federal Registrar. Accordingly, the Court DISMISSES his Complaint WITHOUT PREJUDICE.

The Court further ORDERS the following:

1. The Court GRANTS Milby leave to file an amended complaint. Milby shall file his amended complaint not later than close of business October 20, 2017.

2. The amended complaint SHALL COMPLY with the following directions:

    a. At the very top of the amended pleading, Milby must place the following caption in all capital letters: "AMENDED COMPLAINT FOR CIVIL ACTION NUMBER 3:17cv590."

    b. The first paragraph of the amended complaint pleading must contain a list of defendants. Thereafter, in the body of the amended complaint, Milby must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to his claims for relief. Thereafter, in separately captioned sections, Milby must

    clearly identify each federal or state law allegedly violated. Under each section, Milby must list each defendant purportedly liable under that legal theory and explain why he believes each defendant is liable to him. Such explanation should reference the specific numbered factual paragraphs in the body of the amended complaint that support that assertion. Milby shall also include a prayer for relief.

  c. The amended complaint must stand or fall of its own accord. Milby may not reference statements in the prior complaint.

  d. The amended complaint must omit any unnecessary incorporation of factual allegations for particular claims and any claim against any defendant that is not well-grounded in the law and fact. *See Sewraz v. Guice*, No. 3:08-CV-035, 2008 WL 3926443, at *2 (E.D. Va. Aug. 26, 2008).

3. The failure to comply strictly with the requirements set forth above will result in dismissal of the action WITH PREJUDICE. *See* Fed. R. Civ. P. 41(b).[4]

  Let the Clerk send a copy of this Memorandum Order to Milby at his address of record and to any counsel of record.

  It is so ORDERED.

/s/
M. Hannah Lauck
United States District Judge

Date: 10/6/17
Richmond, Virginia

---

[4] The rule states, in pertinent part: "**(b) Involuntary Dismissal; Effect.** If the plaintiff fails . . . to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).

5