In THE UNITED STATES DISTRICT COURT
For THE EASTERN DISTRICT of VIRGINIA
Richmond Division
Case No.# 3:17 CV 00590

FILED
MAY 29 2018
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

ZEBEDEE MILBY
  Plaintiff

Vs.

OFFICE of FEDERAL REGISTRAR, et.al
  Defendants

Motion For Relief From
Judgment / Mandate
FRCP Rule 60(b)

COMES NOW, ZEBEDEE MILBY, plaintiff PRO se pursuant to Federal Rules of Civil Procedure Rule 60(b) and hereby Moves this court for Relief from Judgment of this court, case No.# 3:17 CV 00590 of October 6, 2017 by District Court Judge M. Hannah Lauck, as well as U.S. Court of Appeals (4th Circuit) Mandate Re: Case# No. 17-2234 per interloctory Appeal.

### Ground(s) in support of Motion

1). It is unquestionably clear upon Review of the Record proper that the pre-determined ploy. Mens rea of both said courts(s) and court clerk(s), arbitrarily forced upon this pro se plaintiff gives Rise to unlawfully circumvent and obstruct plaintiff's fundamental Constitutional / procedural Due process / Equal protection of Law Rights, so as to completely ignore and willfully Refuse legal certification, as well as service of process of significant constitutional question(s) and a Related constitutional challenge associated therewith involving the Electorial college voting process system.

2). Moreover, this case, "Constitutional challenge Question(s)" and judge/clerk actions and inactions are clearly Revealed to extend beyond abuse of discretion so as to expose

Manifest judicial impropriety/ mens rea to the unlawful extreme, so as to substantiate an irrefutable pattern of mis-conduct and collective meeting of mind(s) with specific defined intent to circumvent plaintiff's constitutional Rights as well as the mandated judicial process associated therewith in Relation a Constitutional challenge.

3). That specific actions and inactions by said judge(s) and clerk(s) necessitating this Motion are as follows:

   a). U.S. District Court Clerk Conscious Refusal to certify "Constitutional Question Challenge" per FRCP Rule 5.1.(b) & 28 U.S.C.A §2403, and proceed with service of process. (Violating the explicit instructions/oath of 18 U.S.C §§ 2076.

   b). Misconduct by Judge M. Hannah Lauck, Conscious judicial pby sua sponte Refusing to order certification of Constitutional Question, and order service of process; and circumventing plaintiff's procedural Due process Rights as well as the judicial process mandates associated therewith. And attempting to force plaintiff to Amend complaint challenge, with a specific prohibition barring use of any part of original complaint, while consciously ORDERING changing of original complaint heading to Read: Amended Complaint Rather than Constitutional challenge. The clear purpose being to deny this plaintiff Redress of Greviance of Constitutional challenge Review certification. (Violating the specific office oath canonous of 28 U.S.C §§ 453); & 28 U.S.C §§ 351.

   c). Inaction by judge(s) of The U.S. Court of Appeals 4th Cir in the manner of complete Refusal to address said injustice on interlocutory taken in Relation to District Court & court clerk procedural error(s), with no written opinion.

4). All Judges and clerks are duty bound by law to obey by oath. And the extent to which latitude and scope of their sua sponte discretion with Respect to office oath and job description as governed by mandate and application of Federal Rules of civil and Appellate procedure, the U.S. Constitution as well as professional cannons of judicial and ethical Responsibility give Rise to significantly limit sua sponte manipulation of the law/court Rule, and mandated procedural Requirements.

## LEGAL AUTHORITIE(S)

Merrill vs. Town of Addison, C.A.2 (N.Y.) 1985, 763 F.2d. 80. Federal Civil Procedure. where it is clear "Certification to State Attorney General that action has been filed in federal court challenging constitutionality of statute is duty of court that should not be ignored"-----

Bridges. vs. Phillips Petroleum Co. C.A. 5 (Tex.) 1984, 733 F.2d 1153, cert. denied 105 S.ct. 921, 469 U.S. 1163, 83. L.Ed 2d 933, Rehearing denied 105 S.Ct. 1414, 470 U.S. 1039, 84 L.Ed. 2d 800.
"where District Court failed to certify question of constitutionality to state Attorney General, the court of Appeals would proceed by certifying the question and affording the state Attorney General 60 days to apply for Rehearing"-----

Wherefore in light of the foregoing this plaintiff is entitled to Relief sought as a matter of LAW.

this ___ day of May 2018

Zebedee Wilby (Plaintiff)