IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**ZEBEDEE MILBY,**

    **Plaintiff,**

v.                                            Civil Action No. 3:17cv590

**OFFICE OF THE FEDERAL
REGISTRAR,**

    **Defendant.**

## FINAL ORDER

This matter comes before the Court on its May 10, 2018 Order granting Milby leave to file an Amended Complaint. (May 10, 2018 O. 2, ECF No. 13.) The Court set a deadline of May 24, 2018, for Milby to do so. (*Id.*) Milby did not file an Amended Complaint.

On May 29, 2018, Milby filed a document titled "Motion for Relief from Judgment/ Mandate FRCP Rule 60(b)" (the "Motion"). (ECF No. 14.) In the Motion, Milby invokes Federal Rule of Civil Procedure 60(b),[1] and states that he "moves this court for Relief from Judgment of this court, . . . as well as U.S. Court of Appeals (4th Circuit)." (Mot. 1, ECF No. 14.) In support of the Motion, Milby asserts that "[i]t is unquestionably clear upon Review of the Record proper that the pre-determined ploy mens rea of both said court(s) and court clerk(s) arbitrarily forced upon this pro se plaintiff gives Rise to unlawfully circumvent and obstruct plaintiff's fundamental constitutional/procedural Due process/Equal protection of law rights . . . ." (*Id.*) Milby further contends that "this case, 'constitutional challenge Question(s)'

---

[1] Rule 60(b) provides the reasons for which a court "may relieve a party or its legal representative from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time—and for [certain reasons,] no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

and judge/clerk actions and inactions are clearly Revealed to extend beyond abuse of discretion so as to expose Manifest judicial impropriety *mens rea* to the unlawful extreem [sic]."

Federal Rule of Civil Procedure 60(b) allows a district court to "relieve a party or its legal representative from a *final judgment, order, or proceeding*" under limited circumstances. Fed. R. Civ. P. 60(b) (emphasis added). Because this Court has entered no final judgment in this case, Rule 60(b) is inapplicable, and Milby's attempt to invoke it falters. Further, this Court lacks the power to review a decision or mandate of the United States Court of Appeals for the Fourth Circuit. *See, e.g.*, S. Ct. R. 13 (discussing the time for petitioning to the United States Supreme Court for review of a judgment issued by a United States court of appeals).

Accordingly, the Court DENIES AS MOOT the Motion. (ECF No. 14.) Pursuant to Rule 41(b),[2] because Milby has failed to comply with the orders of this Court by not timely filing an amended complaint, the Court DISMISSES his case WITH PREJUDICE.

Milby is ADVISED that he has the right to appeal this decision. Should Milby desire to appeal, written notice of appeal must be filed with the Clerk of Court within thirty (30) days of the date of entry hereof.[3] Failure to file an appeal within that period may result in the loss of the right to appeal.

Let the Clerk send a copy of this Order to Milby at his address of record.

It is so ORDERED.

/s/
M. Hannah Lauck
United States District Judge

Date: 5/31/2018
Richmond, Virginia

---

[2] The rule states, in pertinent part: "**(b) Involuntary Dismissal; Effect.** If the plaintiff fails . . . to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).

[3] *See* Fed. R. App. P. 4(a)(1)(A).