IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**ZEBEDEE MILBY,**

    **Plaintiff,**

**v.**                                                                           **Case No. 3:17cv590**

**OFFICE OF THE FEDERAL REGISTRAR,**

    **Defendant.**

## MEMORANDUM ORDER

This matter comes before the Court on Plaintiff Zebedee Milby's Renewed Motion for Relief From/Arrest of Judgment Federal Rule of Civil Procedure 60(b) [1] (the "Renewed Motion"), (ECF No. 16), and his October 2, 2018 Letter entitled "Motion/Inquiry" (the "Letter"), (ECF No. 17). As a part of the Renewed Motion, Milby renews his May 29, 2018 Motion for Relief from Judgment/Mandate Federal Rule of Civil Procedure Rule 60(b) (the "May 29, 2018 Motion").[2] (ECF No. 14.) For the reasons that follow, the Court DENIES Milby's Renewed Motion.

---

[1] Milby attached as an exhibit to the Renewed Motion, a copy of a March 7, 2018 Notice of Admonishment, (ECF No. 9). (ECF No. 16-1.) Milby also attached to the Motion, a copy of the May 29, 2018 Motion for Relief from Judgment/Mandate FRCP Rule 60(b), (ECF No. 14). (ECF No. 16-2.) The Court has reviewed these documents.
    The Court ruled on the May 29, 2018 Motion in the Court's May 31, 2018 Order, (ECF No. 15). Additionally, Milby did not file the Notice of Admonishment pursuant to any federal or local rule. For these reasons, the Court need not take any action with regard to these documents.

[2] On May 31, 2018, the Court denied the May 29, 2018 Motion as moot because Federal Rule of Civil Procedure 60(b) did not apply to Milby's case. (May 31, 2018 Order 2, ECF No. 15.) The Court then dismissed Milby's case with prejudice because he failed to comply with the Court's May 10, 2018 Order, (ECF No. 13), which directed Milby to file an Amended Complaint. (*Id.*)

## I. Procedural Background

### A. Procedural History

On October 6, 2017, Milby filed his Complaint against the Office of the Federal Registrar Electoral College Director in this Court. (ECF No. 3.) On that same day, the Court dismissed the Complaint for lack of standing. (Oct. 6, 2017 Mem. Order 4, ECF No. 2.) The Court granted Milby leave to file an amended complaint no later than close of business October 20, 2017. (*Id.*) On October 19, 2017, Milby appealed the Court's October 6, 2017 Memorandum Order to the United States Court of Appeals for the Fourth Circuit. (ECF No. 4.) On February 16, 2018, the Fourth Circuit dismissed Milby's appeal for lack of jurisdiction. *Milby v. Office Fed. Registrar*, No. 17-2234, slip. op. at 2 (4th Cir. 2018). The Fourth Circuit remanded the case to this Court "with instructions to allow Milby to amend his complaint." *Id.* On March 8, 2018, the Fourth Circuit stayed its mandate, (ECF No. 10), and on April 30, 2018, the Fourth Circuit issued an order denying Milby's petition for rehearing, (ECF No. 11). On May 8, 2018, the Fourth Circuit issued its mandate, stating that its judgment of February 16, 2018, "takes effect today." (Mandate 1, ECF No. 12.)

On May 10, 2018, in accordance with the Fourth Circuit's instructions, the Court granted Milby leave to file his Amended Complaint and ordered that he do so by no later than close of business May 24, 2018. (May 10, 2018 Order 1, ECF No. 13.) Milby did not file an Amended Complaint. Instead, he filed the May 29, 2018 Motion, seeking relief pursuant to Rule 60(b).[3] In the May 29, 2018 Motion, Milby did not seek to amend his Complaint. Instead, he offered an ineffective procedural argument against this Court and the Fourth Circuit's failure to certify his

---

[3] Federal Rule of Civil Procedure 60(b) provides the reasons for which a court "may relieve a party or its legal representative from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b).

2

constitutional challenge. On May 31, 2018, the Court denied the May 29, 2018 Motion as moot and dismissed the case with prejudice because Milby failed to file an Amended Complaint. (May 31, 2018 Order 2.) On June 20, 2018, Milby filed the Renewed Motion.

### B.  Summary of Allegations in Milby's Renewed Motion, Letter, and May 29, 2018 Motion and of the Court's May 31, 2018 Findings

In support of his Renewed Motion, Milby asserts "[t]hat a candid review of all motion(s) associated herewith undoubtedly reveal a prima facie case of [r]epeated judicial tyranny sua sponte and crucifi[x]ion of this pro se plaintiff's fundamental procedural [r]ights without justification." (Renewed Mot. 1, ECF No. 16). He further contends that "said actions/inactions further give rise to reflect a repeated willingness mens [r]ea of judicial impropriety governed by what appears to be a spirit of couscious [sic] obstructions, disobedience and abuse of discretion." (*Id.*) In his Letter, Milby directs the Court's attention to the Renewed Motion and seeks "an order of [r]eview of . . . [the Renewed Motion] upon it's [sic] content merit as presented, and an [o]rder/[m]emorandum legal [r]uling in [r]elation thereto." (Letter 1, ECF No. 17.)

In his May 29, 2018 Motion, Milby invoked Federal Rule of Civil Procedure 60(b), and stated that he "move[d] this court for [r]elief from Judgment of this court, . . . as well as U.S. Court of Appeals (4th Circuit)." (May 29, 2018 Mot. 1, ECF No. 14.) In support of the May 29, 2018 Motion, Milby asserted that "[i]t is unquestionably clear upon [r]eview of the [r]ecord proper that the pre-determined ploy mens rea of both said court(s) and court clerk(s) arbitrarily forced upon this pro se plaintiff gives [r]ise to unlawfully circumvent and obstruct plaintiff's fundamental constitutional/procedural Due process/Equal protection of law rights . . . ." (*Id.*) Milby further contended that "this case, 'constitutional challenge Question(s)' and judge/clerk actions and inactions are clearly [r]evealed to extend beyond abuse of discretion so as to expose [m]anifest judicial impropriety *mens rea* to the unlawful extreem [sic]." (*Id.* 1–2.)

3

On May 31, 2018, the Court denied Milby's May 29, 2018 Motion as moot. (May 31, 2018 Order 2.) The Court found Rule 60(b) inapplicable to the May 29, 2018 Motion because, as of that date, the Court had not entered final judgment in the case. (*Id.*) Additionally, the Court found that it lacked the power to review a decision or mandate of the United States Court of Appeals for the Fourth Circuit. (*Id.*) The Court then dismissed Milby's case with prejudice because he failed to comply with the Court's May 10, 2018 Order, (ECF No. 13), which granted Milby leave to amend his complaint and instructed him to file the amended complaint by May 24, 2018. (May 31, 2018 Order 2.)

## II. Analysis

### A. Applicable Law

Federal Rule of Civil Procedure 60(b)[4] provides the reasons for which a court "may relieve a party or its legal representative from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). Federal Rule of Civil Procedure 54 defines judgment as used in the Federal Rules of Civil Procedure as "a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a).

---

[4] The reasons for which a court may relieve a party from a final judgment include:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

4

**B.   The Court Denies the Renewed Motion because Milby Failed to Plead Facts Sufficient to Establish that he Meets One of the Reasons Listed in Rule 60(b)**

Because the Court dismissed Milby's case with prejudice and advised him of his right to appeal the decision, the Court's May 31, 2018 Order represents a final judgment in this case. *See* Fed. R. Civ. P. 54(a). Although Federal Rule of Civil Procedure 60(b) did not apply to Milby's May 29, 2018 Motion, it applies to the Renewed Motion. Additionally, pursuant to Federal Rule of Civil Procedure 60(c)(1),[5] Milby timely filed the Renewed Motion. Fed. R. Civ. P. 60(c)(1). The Court therefore considers the merits of the Renewed Motion.

Milby has not presented any evidence to meet any of the reasons specified in Federal Rule of Civil Procedure 60(b) that would allow the Court to relieve him from the Court's May 31, 2018 Order. Milby has not established any mistake, newly discovered evidence, fraud, void or satisfied judgment, or any other basis under which this Court could invoke 60(b). Fed. R. Civ. P. 60(b). His challenge to the federal courts' failure to certify his constitutional claim is procedurally improper and otherwise unavailing.

The Court provided Milby three opportunities to file an Amended Complaint. (*See* Oct. 6, 2017 Mem. Order; Feb. 21, 2018 Order, ECF No. 8; May 10, 2018 Order.) Only after Milby failed to file an Amended Complaint a third time did the Court dismiss his case with prejudice. (*See* May 10, 2017 Order.) In the Renewed Motion, Milby cites to no authority for his renewed

---

[5] Federal Rule of Civil Procedure 60(c)(1) provides that "[a] motion under Rule 60(b) must be made within a reasonable time—and for [certain reasons not applicable here,] . . . no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

request and provides the Court with no legal basis on which it could provide the relief sought. Accordingly, the Court DENIES the Renewed Motion. (ECF No. 16.) Let the clerk send a copy of the Memorandum Order to all counsel and to Milby at his address of record.

It is so ORDERED.

/s/
M. Hannah Lauck
United States District Judge

Date: 10-12-18
Richmond, Virginia